■ STEPHANIE ALTMAN, Plaintiff, v LARRY ALTMAN, Also Known as LAWRENCE ALTMAN, Appellant. JASON ALTMAN, Nonparty Respondent. [668 NYS2d 43] —In a matrimonial action in which the parties were divorced by a judgment dated June 6, 1995, the former husband appeals from (1) an order of the Supreme Court, Nassau County (Davis, J.), dated October 9, 1996, which, upon granting the motion of Jason Altman, who was not a party to the action, for clarification of the last paragraph of a prior order of the same court, dated October 18, 1995, relating to the beneficiary of a life insurance policy, and directed that the proceeds of the policy be distributed to Jason Altman and his brother, the parties' two sons, and (2) an order of the same court, dated March 7, 1997, which denied his motion, *inter alia,* to vacate the order dated October 9, 1996.

Ordered that the order dated October 9, 1996, is modified, on the law, by deleting therefrom the provision directing that the proceeds of the policy be distributed to the sons of the parties and substituting therefor a provision directing that the proceeds of the policy be distributed to the appellant; as so modified, the order dated October 9, 1996, is affirmed; and it is further,

Ordered that the appeal from the order dated March 7, 1997, is dismissed as academic in light of the determination of the appeal from the order dated October 9, 1996; and it is further,

Ordered that the appellant is awarded one bill of costs.

Assuming that Jason Altman had standing to seek clarification of an order which was ambiguous as to whom was to be the named beneficiary of an insurance policy, he was nevertheless not entitled to the proceeds of the policy. The judgment of divorce ordered the appellant to maintain his "current life insurance policy" naming his former wife as beneficiary only in order to secure his maintenance and child support obligations (*see,* Domestic Relations Law § 236 [B] [8] [a]). Moreover, the insurance proceeds at issue were payable as a result of the former wife's death, not the appellant's, and the appellant was the named beneficiary of the proceeds.

We have examined the appellant's remaining contentions and find them to be without merit. O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.